```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

**GREGORY DENNIS TRUETTE**                                      **PETITIONER**

**VS.**                          **CIVIL ACTION NO: 3:13-cv-826-DCB-MTP**

**ARCHIE LONGLEY**                                              **RESPONDENT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation of October 30, 2014 **[docket entry no. 28]**. Therein, Judge Parker recommends that the Petition for Writ of Habeas Corpus be denied and this action dismissed with prejudice. Also pending is Petitioner's, Gregory Dennis Truette, Motion for Extension of Time to File Objection **[docket entry no. 29]**. Having reviewed the Report and Recommendation, the petitioner's objections thereto, and applicable statutory and case law, the Court finds as follows:

I. Factual and Procedural Background

Petitioner Gregory Truette is currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. When Truette filed his petition, he was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. Truette is serving a 540 month sentence for convictions for "possession with intent to distribute and manufacture methamphetamine, possession of a firearm

and destructive device during a drug trafficking offense, and possession of an unregistered destructive device." Report & Recommendation p. 1, ECF No. 28. While still imprisoned in Yazoo City, Truette was convicted in a disciplinary proceeding for possession of a weapon in his cell. His petition arises from this disciplinary proceeding.

Truette filed his petition under 28 U.S.C. Section 2241 and requests that this Court reinstate his good conduct time lost and reduce his sentence by ten days for every day he was deprived of his rights.

## II. The Magistrate Judge's Findings

In his petition, Truette raised four grounds for relief which Judge Parker construed as six arguments:

> (1) [Truette] was untimely served with an incident report in violation of due process and [Federal Bureau of Prisons ("BOP")] policy; (2) he received an untimely hearing in violation of due process and BOP policy; (3) the hearing violated his procedural due process rights; (4) his conviction was not supported by the evidence; (5) he is being held in restrictive confinement and designated to a Special Management Unit for no reason; and (6) his administrative remedy grievances have not been adequately addressed and remedied by BOP.

Report & Recommendation p. 4. Judge Parker quickly and correctly found that Truette's claims based on his conditions of confinement were inappropriate in a petition for habeas corpus. See Report & Recommendation p. 4-5 (citing Scrivens v. Pearson, No. 5:10cv81, 2010 WL 6332074, at *1 (S.D. Miss. Aug. 20, 2010)). Likewise, Judge Parker succinctly found Truette's claims based on the grievance

process were unmeritorious because "prisoners do not have any constitutional right in having grievances resolved to their satisfaction." Report & Recommendation p. 8 (citing Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005)).

Turning to Truette's claims based on due process violations, Judge Parker found that all four lacked merit. First, Judge Parker found that Truette had timely receipt of the incident report. Truette received the incident report thirty hours after the weapon was found in his cell, and although the Code of Federal Regulations states that a prisoner will "ordinarily receive" an incident report within twenty-four hours, "a prison official's failure to follow prison procedural rules does not, without more, give rise to a constitutional violation." Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); see also 28 C.F.R. § 541.5(a).

Second, Judge Parker found that Truette did receive timely notice of his disciplinary hearing. Because "[n]o time frame is given for the disciplinary hearing" in the Code of Federal Regulations, the prison need only provide "notice of the charges against him at least twenty-four (24) hours before the [] hearing." Report & Recommendation p. 5 (citing 28 C.F.R. § 541.8). Truette received notice of the hearing three days before it occurred.

Third, Judge Parker found that Truette's conviction at the disciplinary proceeding was supported by the evidence. The constitutional standard for a prison disciplinary conviction is

3

"some evidence," that is to say "there is any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Superintendent, Mass. Corr. Inst., Walpole v. Hill</u>, 472 U.S. 445, 455-56 (1985). In Truette's case, "some evidence" included "the written statement of the BOP officer who discovered the weapon in the Incident Report, the BOP officer's testimony, photographs of the weapons and Truette's admission of guilt." Report & Recommendation p. 6. Judge Parker found this constitutionally sufficient.

Lastly, Judge Parker found that the hearing did not violate Truette's procedural due process rights. Although inmates are not entitled to the "full panoply of rights" normally attached to a criminal proceeding, to satisfy due process, they must receive:

> (1) written notice of the claimed violation that enables the inmate to marshal the facts and prepare a defense [at least twenty-four hours in advance]; (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action.

<u>Meza v. Livingston</u>, 607 F.3d 392, 404-05 (5th Cir. 2010) (internal quotations marks omitted) (quoting <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-67 (1974)). Although inmates do not "have a right to either retained or appointed counsel" or "to confront and cross-examine witnesses," <u>Meza</u>, 607 F.3d at 405, a fourth procedural protection, akin to those rights, arises in cases involving

4

illiterate inmates or especially complex cases: the inmate "should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff," Wolff, 418 U.S. at 570. Judge Parker found that Truette was afforded all of these procedural protections.[1]

### III. The Petitioner's Objections

Truette timely filed his objections to the Report and Recommendation. See Objection, ECF No. 30. And Respondent Archie Longley has indicated to the Court, in accordance with Local Uniform Civil Rule 72(a)(3), that he does not intend to respond to Truette's objections. Truette filed his objections within the original deadline to file them, therefore, the Court will deny his motion for an extension of time to file as moot.

"[P]arties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) (quoting Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)). Meritorious objections mandate a de novo review of the Report and

---

[1] Truette received the incident report nine days in advance of the hearing. He also received a written statement of the evidence against him from the disciplinary hearing. The evidence also confirms that Truette was afforded the opportunity to present evidence and call witnesses. Finally, Truette declined assistance from the staff in presenting his defense. Report & Recommendation p. 7.

5

Recommendation. 28 U.S.C. § 636(b)(1) (2009). Merely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive de novo review, however. Those portions of the report not objected to are reviewed only for plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).

Truette makes two objections. First, he argues that Judge Parker improperly relied on the evidence submitted by Longley. Truette claims that he did not receive notice of the charges against him prior to the hearing because "these forms [the notices of the hearing] do not contain Petitioner's signature, and there is no evidence (e.g. no staff signature) stating Petitioner refused to sign the forms." Objection p. 1. Truette argues that his missing signature renders the notices only a "hypothetical advisement of rights" insufficient to satisfy due process standards. Objection p. 1. This objection merits de novo review.

The forms referenced in Truette's objections are included as exhibits to Longley's response to the petition. See Response Ex. 5 ("Notice of Hearing"), ECF No. 14-5; Response Ex. 6 ("Notice of Rights"), ECF No. 14-6. While the forms do not bear a signature that can undeniably be read as that of Truette, they both are marked with an "X" in the space provided for the inmate to sign. Further, the reports both contain times and dates and the

signatures of prison staff indicating when Truette received these forms. Although the Court agrees that notice must be given prior to a disciplinary hearing, Truette has cited to no authority that says the notice must be acknowledged, by inmate signature or otherwise, to be sufficient. Based on the signatures of prison staff and accompanying dates and times on the forms, the Court finds that Truette did receive adequate prior notice. Allowing an inmate to fail to sign a notice and then later contest receipt of that notice could create constitutional chaos in due process challenges.

Second, Truette argues that he was improperly convicted because "the alleged weapons were in fact knitting needles provided to Petitioner by BOP Recreation Staff." Objection p. 1. The Court construes this objection as an attack on the sufficiency of the evidence to support his conviction. Because this argument merely reurges the allegations of his petition (Truette in fact included this argument in his petition though neither Judge Parker nor Longley specifically rejected it), the Court will ignore this objection as frivolous.

Having conducted a de novo review of the portions of the Report and Recommendation objected to and reviewed the remainder for plain error and finding none, the Court is satisfied that Judge Parker has undertaken an extensive examination of the issues in this case and has issued a thorough opinion. Truette's objections will be overruled and his petition denied.

IV. Order

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation is hereby ADOPTED.

FURTHER ORDERED that the Petitioner's Motion for Extension of Time is DENIED as MOOT.

FURTHER ORDERED that the Petitioner's Objections to the Magistrate Judge's Report and Recommendation are OVERRULED.

A final judgment dismissing the Petition in accordance with Federal Rule of Civil Procedure 58 will follow.

SO ORDERED this the 8th day of December 2014.

                                    /s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE